UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT T. BRITTON,<br><br>            Petitioner,<br><br>    v.<br><br>A. CORONA, and B. MOUA<br><br>            Respondents. | Case No. 1:18-cv-01213-JDP (HC)<br><br>ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED AS MOOT |

Petitioner Scott T. Britton, a detainee at Fresno County Jail without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Because the petition indicates that petitioner has fully served his sentence, the court will require petitioner to show cause why the court should not dismiss this case as moot.

A federal court has an independent duty to examine its jurisdiction, and discharging that duty requires the court to ensure that an actual controversy exists at every stage of litigation. *See Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 903 F.3d 829, 838 (9th Cir. 2018); *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1036 (9th Cir. 2013). An actual controversy cannot

1

exist when a case has become moot. *See M.M. v. Lafayette Sch. Dist.*, 767 F.3d 842, 857 (9th Cir. 2014). A case becomes moot when a court cannot grant "any effectual relief." *Rocky Mountain Farmers Union v. Corey*, 913 F.3d 940, 949 (9th Cir. 2019).

Here, the petition indicates that the case is moot. According to petitioner, he was sentenced in August 2016 and scheduled for release in August 2018. ECF No. 1 at 2. Petitioner signed his petition in July 2018, but this court received the petition in September 2018, about one month after his release. *See id*. at 6. Petitioner challenges only his sentence, *id*. at 3, so it does not appear that we can grant him any effective relief. By the deadline set forth below, petitioner must show cause why the court should not dismiss the case as moot. The court need not reach other issues presented in the petition, such as petitioner's failure to exhaust his claim in state court. Failure to respond to this order may result in the dismissal of the case for failure to prosecute.

**Order**

Within fourteen days from the date of this order, petitioner must show cause why the case should not be dismissed as moot.

IT IS SO ORDERED.

Dated:   September 25, 2019

UNITED STATES MAGISTRATE JUDGE

No. 202