UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT T. BRITTON,<br><br>               Petitioner,<br><br>    v.<br><br>A. CORONA, *et al.*<br><br>               Respondent. | Case No. 1:18-cv-01213-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE AS MOOT<br><br>ECF No. 1<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ORDER TO ASSIGN THE CASE TO A DISTRICT JUDGE |

      Petitioner Scott T. Britton, a detainee at the Fresno County Jail without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

      A federal court has an independent duty to examine its jurisdiction, and discharging that duty requires the court to ensure that an actual controversy exists at every stage of litigation. *See Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 903 F.3d 829, 838 (9th Cir. 2018);

*Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1036 (9th Cir. 2013). An actual controversy cannot exist when a case has become moot. *See M.M. v. Lafayette Sch. Dist.*, 767 F.3d 842, 857 (9th Cir. 2014). A case becomes moot when a court cannot grant "any effectual relief." *Rocky Mountain Farmers Union v. Corey*, 913 F.3d 940, 949 (9th Cir. 2019).

Here, the petitioner challenged his sentence alone and sought no other forms of relief. ECF No. 1 at 3. However, the petition indicated that petitioner had fully served his sentence and was scheduled for release in August 2018. *Id*. at 2. Because it did not appear that this court could grant petitioner any effective relief, we ordered petitioner to show cause why the court should not dismiss this case as moot. ECF No. 5. On October 7, 2019, the service of that order, mailed to Fresno County Jail, was returned undeliverable with the indication that petitioner was no longer in custody. Under Local Rule 183(b), petitioner had 63 days to update his address, or until December 16, 2019.[1] Petitioner has failed to update his address and has not responded to the order to show cause. Therefore, we find that the petition is moot and recommend dismissal.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). The court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find our conclusion debatable or conclude that petitioner should proceed further. Thus, the court should decline to issue a certificate of appealability.

---

[1] Failure to update the court with a change of address within 63 days may result in the case being dismissed for failure to prosecute. *See* Local Rule 183(b).

2

**Order**

The clerk of court is directed to assign this case to a district judge who will review the findings and recommendations.

**Findings and Recommendations**

We recommend that the court dismiss the petition as moot. ECF No. 1. These findings and recommendations are submitted to the U.S. District Court judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   February 6, 2020                              _____
                                                       UNITED STATES MAGISTRATE JUDGE

No. 206.