UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT T. BRITTON,<br><br>            Petitioner,<br><br>     v.<br><br>A. CORONA, *et al*.<br><br>            Respondent. | No. 1:18-cv-01213-NONE-JDP<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION AS MOOT</u><br><br>(Doc. No. 7) |

      Petitioner Scott T. Britton, a former detainee at the Fresno County Jail proceeding without counsel, seeks the issuance of a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      In his pending petition, although somewhat difficult to decipher, it appears petitioner challenges a sentence imposed upon in an underlying state court criminal prosecution and seeks no other forms of relief. (Doc. No. 1 at 3.) However, the pending petition, filed September 7, 2018, suggested that petitioner had fully served his sentence because he was scheduled for release in August 2018. (*Id*. at 2.) Because it did not appear that this court could grant petitioner any effective relief, the assigned magistrate judge ordered petitioner to show cause why the court should not dismiss this case as having been rendered moot. (Doc. No. 5.) On October 7, 2019,

1

the service of that order, mailed to Fresno County Jail, was returned to this court by the U.S. Postal Service as undeliverable with the indication that petitioner was no longer in custody. Under Local Rule 183(b), petitioner had 63 days to update his address of record with this court, or until December 16, 2019. Petitioner has failed to update the court with a change of address of record and has not otherwise responded to the order to show cause.

On February 7, 2020, the assigned magistrate judge issued findings and recommendation recommending the petition be dismissed as moot. (Doc. No. 7.) The findings and recommendations were served on petitioner and contained notice that objections were due within fourteen (14) days.[1] (*Id.*) The time for filing objections has passed and petitioner failed to do so.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

If, as here, a court dismisses a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented

---

[1] On February 21, 2019, the findings and recommendations served upon petitioner at his address of record were also returned to this court by the U.S. Postal Service as undeliverable with the indication that petitioner was no longer in custody.

were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief wrong or debatable, and they would not conclude that petitioner is deserving of encouragement to proceed further. The court therefore declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on February 7, 2020 (Doc. No. 7) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of Court is directed to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: **March 4, 2020**

UNITED STATES DISTRICT JUDGE